## NANCY CHARLEMAGNE *v.* PROGRESSIVE NORTHWESTERN INSURANCE COMPANY
## (AC 21055)

Schaller, Mihalakos and Hennessy, Js.

---

Submitted on briefs March 2—officially released May 29, 2001

*Robert E. Young* filed a brief for the appellant (defendant-third party plaintiff).

*Lawrence L. Connelli* filed a brief for the appellee (third party defendant).

*Opinion*

HENNESSY, J. The third party plaintiff, Progressive Northwestern Insurance Company (Progressive), appeals from the summary judgment rendered in favor of the third party defendant, USAA Casualty Insurance Company (USAA). Progressive claims on appeal that the trial court improperly concluded that there was no genuine issue of material fact as to the residency of Dana Bitgood and improperly denied its oral motion for a continuance and written motion to reargue. We reverse the judgment of the trial court.

The underlying action resulted from a March 3, 1998 motor vehicle accident in which the plaintiff, Nancy

Charlemagne, was rear-ended by Dana Bitgood,[1] an uninsured motorist. Dana Bitgood is the daughter of Kathleen Bitgood, an insured of the third party defendant, USAA. The plaintiff brought an action against Progressive, her uninsured motorist carrier, to recover for injuries she sustained in the accident. Thereafter, Progressive brought an action for indemnification against USAA, alleging that the injuries and losses claimed were the legal responsibility of USAA pursuant to the terms of its insurance contract[2] with Kathleen Bitgood. Progressive argued that Dana Bitgood was a resident relative of Kathleen Bitgood at the time of her car accident and was thus covered under Kathleen Bitgood's insurance contract with USAA. USAA claimed that Dana Bitgood did not reside with Kathleen Bitgood at the time of the accident and, as a result, USAA had no legal responsibility for the injuries and losses caused by Dana Bitgood. The court granted USAA's motion for summary judgment. This appeal followed.

"The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . Our review of the trial court's granting of a motion for summary judgment is, therefore, plenary." (Citation omitted; internal quotation marks omitted.) *Bishel* v. *Connecticut Yankee Atomic Power Co.*, 62 Conn. App. 537, 542–43, 771 A.2d 252, cert. denied, 256 Conn. 915, 773 A.2d 943 (2001).

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are

---

[1] Dana Bitgood has since died.

[2] The contract of insurance was not filed as an exhibit in this case; however, none of the parties challenges the fact that there was an insurance policy in effect on the date of the accident and that Dana, to be covered, had to be a resident relative in Kathleen's house.

well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Id., 543. USAA attached the affidavit of Kathleen Bitgood to its motion for summary judgment to support its assertion that no issue of material fact existed as to USAA's liability for injuries resulting from the March 3, 1998 accident. Kathleen Bitgood's affidavit stated in relevant part: "At the time of the motor vehicle accident on March 3, 1998, Dana Bitgood did not reside with me at 16 Brook Road in Niantic. She had not lived at 16 Brook Road in Niantic for at least one year prior to March 3, 1998."

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. Further, "the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Id. Progressive claims that it raised a genuine issue of material fact sufficient to defeat USAA's motion for summary judgment. Specifically, Progressive submitted Dana Bitgood's death certificate, which listed her residence as being the same as that of her mother, Kathleen Bitgood, thereby contradicting Kathleen Bitgood's affidavit that Dana Bitgood did not reside with her. Progressive argues that this contradictory evidence concerning residency raises a genuine issue of material fact and is sufficient to defeat the motion for summary judgment.

"[I]t [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Internal quotation marks omitted.) Id. The court found that Progressive did not file an opposing affidavit, but did submit a police report from the March 3, 1998 accident, a death certificate dated October, 1998, and a motor vehicle license, all of which showed Dana Bitgood's address as 16 Brook Road, Niantic.[3] The court did not find these documents persuasive as to Dana Bitgood's address. The court reasoned that the death certificate was dated seven months subsequent to the date of the accident and that the motor vehicle license was issued three years prior to the date of the accident. As to the address listed on the accident report, the court indicated that the police took that address from the motor vehicle license, thereby rendering it no more persuasive than the driver's license itself. The court concluded: "Accordingly, the court finds that Dana Bitgood did not live at 16 Brook Road at the time of the accident. She was not there as a resident relative at the time of the accident, and, therefore, USAA does not become liable to cover claims in this case."

"In *United States* v. *Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 [1962], the United States Supreme Court noted that summary judgment should have been denied where a study of the record revealed that inferences contrary to those drawn by the trial court might be permissible and thus raise a genuine issue as to the ultimate facts." *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 379, 260

---

[3] Kathleen Bitgood's address is 16 Brook Road, Niantic. The court, although stating that it should not take cognizance of the motor vehicle license and the police report because they were not properly authenticated, did accept the death certificate and ruled on the persuasiveness, or lack thereof, of the license and police report.

A.2d 596 (1969). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." *Sartor* v. *Arkansas Natural Gas Corp.*, 321 U.S. 620, 624, 64 S. Ct. 724, 88 L. Ed. 967 (1944). The facts of this case fall within the purview of these United States Supreme Court cases. Additionally, Connecticut law provides that "[s]ummary judgment should be denied where the affidavits of the moving party do not affirmatively show that there is no genuine issue of fact as to all of the relevant issues of the case." (Internal quotation marks omitted.) *Doty* v. *Shawmut Bank*, 58 Conn. App. 427, 431, 755 A.2d 219 (2000).

Applying these principles in this case, we disagree with the conclusion of the court that there exists no genuine issue of material fact. The death certificate lists Dana Bitgood's residence as 16 Brook Road, Niantic, the same address as her mother, Kathleen Bitgood. If believed, the trier of fact could find her to be a resident relative in the home of Kathleen Bitgood at the time of the accident. Thus, we conclude that there is a genuine issue of a material fact. The fact that the date of the death certificate was seven months after the accident, as was found by the court, is not relevant for purposes of determining whether it presents an inference that raises a genuine issue of fact.

In view of our holding, we need not address the other issues raised by the third party plaintiff.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.