[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on a Motion for Summary Judgment (#136.01). The motion has been filed with supporting exhibits and memorandum. It is opposed by the plaintiff and the workers' compensation intervening plaintiff, who have each file memorandum in opposition (the intervening plaintiffs also with exhibit attached.) CT Page 10755
This matter is a civil action for personal injuries sustained by the plaintiff, David Luthy, on July 10, 1995, while in the course of his employment with Valley Container, Inc. The plaintiff was injured while attempting to pull down and close the overhead door on the rear of the truck trailer attached to a delivery truck. The defendant, The Eagle Leasing Company had sold to Valley Container, Inc. a new Whiting Overhead Door and two section door tracks, which it installed on the trailer at the request of Valley Container, Inc. on May 3, 1995. The gravamen of the plaintiffs claim against the defendant is that it was negligent in the installation and inspection of the door and tracts and that as a result of that negligence, the plaintiff was injured when the overhead doorjammed because one of the tracks was not secured properly. The cause of action brought by the plaintiff against the defendant is in common law negligence.
The motion for summary judgment filed against the plaintiff argues that the remedy available to the plaintiff is a products liability claim, which was not brought here.
Some procedural history is in order here. This action was initiated by writ, summons and complaint with a return date of September 2, 1997. On November 14, 1997 the defendant filed a request to revise the complaint seeking a more complete specification in the complaint of the acts of negligence alleged by the plaintiff. The objection of the plaintiff to the request to revise was overruled by the court on January 27, 1998. A revised complaint was filed on June 4, 1999. The defendant's answer to the complaint and special defenses were filed with the court on June 14, 1999. The special defenses alleged negligence by the plaintiff, and, that the claim was time barred by the Statute of Limitations. These special defenses were denied by the plaintiff. This matter is set down for trial during the second week of September, 2001, approximately three months away. The presiding judge ordered that any dispositive motions be filed by May 31, 2001. The pending motion for summary judgment has met that deadline, having been filed and claimed up for short calendar on July 2, 2001.
The plaintiff claims that it was inappropriate for the defendant to fail to challenge the negligence action through a motion to strike. The plaintiff asserts that he should not lose his opportunity to present his cause. at trial because the defendant chose a procedural pathway that would deprive him of a claim by virtue of the passage of time. It is important to note that the plaintiff is beyond the statute of limitations for a products liability action if he were to file one anew now. If however, he is permitted to plead over then the claim may relate back to his original return date. The court must consider the equities in this CT Page 10756 matter. The defendant is entitled to the opportunity to properly defend just as the plaintiff is entitled to have his matter heard on the merits, if a legal cause of action may be asserted. The defendant has known of the plaintiffs claim since service and therefore will not be caught flatfooted, unaware if the plaintiff were allowed to plead over. Accordingly, the equities in this matter clearly speak for the court to treat the defendant's motion for summary judgment as a motion to strike. However, inasmuch as the motion for summary judgment is denied, no such interpretation of the motion as one in another form need be taken here.
The standard for a decision on a motion for summary judgment is well known. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. Further, "the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks and citations omitted.) Charlemagne v. Progressive NorthwesternIns. Co., 63 Conn. App. 596 599 ___ A.2d ___ (2001).
The issue for the court to first determine is whether the defendant is a product seller within the meaning of General Statutes § 52-572m. A product seller is "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term `product seller' also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products." § 52-572m (a). A manufacturer includes product sellers who design, assemble, fabricate, construct, process, package or otherwise prepare a product or component part of a product prior to its sale to a user or consumer. General Statutes § 52-572m (e).
"Whether an entity is a product seller is an issue that may be determined by the court, as a matter of law. See, Burkett v. Petrol Plusof Naugatuck, 216 Conn. 65, 72, 579 A.2d 26 (1990); New England VarietyDistributors, Inc. v. Alarm Sec. Protection Co., Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 545381 (September 25, 1998, Peck, J.); Shaw v. Jason Soda Systems, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 402436 (September 18, 1998, Zoarski, J.); Lang v. Brom Builders, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 369766 (February 3, 1998, Hartmere, J.)" Acmat Corp. v. Jansen Rogan Cons., No. CV 96 0474249 S (Aug. 23, 1999), 1999 Ct. Sup. 11839. CT Page 10757
The Connecticut Product Liability Act has excluded from the definition of a "product seller" entities that are in the business of installation and entities that are in the business of repairs and service. "Where the contract is basically one for the rendition of services, and the materials are only incidental to the main purpose of the agreement, the contract is not one for the sale of goods". Gulash v. Stylorama,33 Conn. Sup. 108, 111, 364 A.2d 1221 (1975). "Once a particular transaction is labeled a `service,' as opposed to a `sale' of a `product,' it is outside the purview of our product liability statute." Zichichi v.Middlesex Memorial Hospital, 204 Conn. 399, 403, 528 A.2d 805 (1987).
It would appear from the pleadings and documentation provided that the transaction has elements of both a sale and service in it. Also, there are missing pieces of evidence that would help the finder of fact determine the nature of the transaction. For instance, was the trailer brought to the defendant solely for the purpose of purchase and installation of the overhead door; or, in the alternative, had the defendant serviced the trailer's previous overhead door and determined that it needed replacement. The circumstances of the transaction are not elucidated. The general commerce between the defendant and the plaintiffs employer show a pattern of continuing service of the subject trailer by the defendant. The Connecticut Product Liability Act does not give clear guidance as to how a perhaps mixed sales and service transaction should be labeled.
"When distinguishing between a service and a product, some courts focus on the object of the contract. See Paul v. MePhee ElectricalContractors, supra, 46 Conn. App. 23 (holding that an electrician who installed a light fixture was not a product seller under CPLA since there was no indication that the electrician was `involved in placing light fixtures into the stream of commerce.'); Gilbane Building Co. v. StamfordTowers, supra, Superior Court, Docket No. 118788 (holding that a construction manager was not a product seller of allegedly defective precast panels where sufficient facts were not alleged to demonstrate that the construction manager was in the business of selling precast panels);Ferguson v. EBI Medical Systems, Superior Court, judicial district of New London, Docket No. 527663 (August 1, 1995, Hurley, J.) (15 Conn.L.Rptr. 94) (holding that a hospital rendered services, and was not a product seller, where the hospital ordered and installed an allegedly defective wrist fixator during surgery on the plaintiff, since the contract was basically one for the rendition of services and the materials used were merely incidental to the main purpose of the contract); Hines v. JMJ Construction Co., supra, Superior Court, Docket No. 506329 (holding that a subcontractor who constructed a sidewalk performed services)." New England Variety Distributors, Inc. v. AlarmSec. Production Co., Inc., Superior Court, Docket No. 545381, 23 CT Page 10758 Conn.L.Rptr. 85.
A trier of fact could determine that this transaction was primarily one of service. There remain questions of fact as to the nature of the transaction and these should be left to the jury. Therefore, a justifiable issue remains for determination at trial. The Motion for
Summary Judgment is denied.
By the court,
 ___________________ MUNRO, JUDGE