[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #135 MOTION FOR SUMMARY JUDGMENT
The instant motion is third of such motions filed by the Plaintiff in this action. The two previous motions were denied by coordinate judges of the Connecticut Superior Court.
By way of a Complaint dated January 21, 2001, the Plaintiff Tuition Finance Group, Incorporated, d/b/a Foundation Credit Corporation (hereinafter "FCC") filed this action seeking to enforce a judgment that it had obtained in the Superior Court of the state of New Jersey. On January 6, 2000, the plaintiff filed a Request for Leave to Amend the Complaint. On March 10, 2000, the plaintiff filed a Second Request for Leave to Amend the Complain.
On April 11, 2000, the plaintiff moved for summary judgment as to the defendant, DL Tractor Trailer School (hereinafter DL). On August 17, 2000, the Court (Zoarski, J.) denied the plaintiffs Motion for Summary Judgment. The Court held that it was unable to ". . . determine whether [C. Donald] Lane, Jr. accepted service on behalf of DL". In light of the Court's finding concerning service of process, it came to the conclusion that there was genuine issue of material fact as to the issue as to whether DL was properly served with process.
On October 2, 2000, the Court denied the Plaintiffs Motion to Reargue the Court's ruling on the Motion for Summary Judgment.
On October 26, 2000, the Plaintiff filed another Motion for Summary Judgment. In the body of its motion, the Plaintiff said:
 TFG's subsequent motion for summary judgment is appropriate as now facts and circumstances exist which were not previously before the Court and which are dispositive on the issue of jurisdiction, said issue being the only issue which needs to be considered.
CT Page 11201
On November 11, 2000, the Court (Licari, J.) denied the Plaintiff's Motion for Summary Judgement finding in part that issues presented by the motion had already been reviewed and ruled upon. The Court further found that even if it reached the merits of the Motion, the Motion would be denied for reason that there are competing affidavits as to the facts concerning the New Jersey service of process and therefore genuine issues of material facts were in existence.
On December 15, 2000, the Plaintiff moved to cite in C. Donald Lane, Jr. as a necessary party. The Court (Licari, J.) granted said motion. The defendant also filed a "Third Request for Leave to Amend Complaint". This pleading was dated January 12, 2001. Count I of the Fourth Amended Complaint sounds in breach of contract and is directed to the defendant DL Tractor Trailer School.
Count II of the Fourth Amended Complaint is directed to the defendant DL Tractor Trailer School and concerns the unpaid New Jersey judgment.
Count III of the Fourth Amended Complaint sounds in a breach of contract action and is directed to the defendant C. Donald Lane, III.
Count IV of the Fourth Amended Complaint is directed to the defendant C. Donald Lane, III and concerns the unpaid New Jersey judgment.
Count V of the Fourth Amended Complaint sounds in a breach of contract action and is directed to the defendant C. Donald Lane, Jr.
Count VI of the Fourth Amended Complaint sounds in fraud and is directed to the defendant C. Donald Lane, Jr.
On April 2, 2001, the Defendants filed an Answer to the Fourth Amended Complaint as well as Special Defenses and a Counterclaim to said Complaint.
On October 22, 2001, the Plaintiff filed the instant Motion for Summary Judgment as to the Defendant's, DL Tractor Trailer School and C. Donald Lane Jr. Specifically as to Counts One, Three and Five.
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the CT Page 11202 evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Connecticut Practice Book § 17-45.
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H. HR. Co., 160 Conn. 482, 489, 280 A.2d 359
(1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
 As to Counts I, III, V and VI
CT Page 11203
The allegations of these Counts of the Complaint, the Answers thereto, the defendants Special Defenses and the affidavits in support of the Motion for Summary Judgment and in support of the Objection to the Motion for Summary Judgment as well as the history of this file leads this Court to conclude that the summary judgment process is inappropriate for the resolution of the issues raised by the parties in these Counts.
 In reviewing the history of summary judgment, it is easy to see its utility in avoiding the expense of litigation in cases where the factual issues are relatively simple, but that generally it is an inappropriate way to conclude complex litigation.
 Gould v. Mellick and Sexton, 62 Conn. App. 542, 555 (2001).
 As to Counts II and IV
Count II of the Fourth Amended Complaint incorporates paragraphs 1 — 5, inclusive of the first count. This count further provides that the plaintiff filed suit against DL in the Superior Count of the state of New Jersey and that it obtained a judgment against the defendant on February 23, 1999 in the amount of $13,944.57.
Count IV of the Fourth Amended Complaint incorporates paragraphs 1 — 5, inclusive of the first count. This count further provides that the plaintiff filed suit against C. Donald Lane, III in the Superior Count of the state of New Jersey and that it obtained a judgment against the defendant on February 23, 1999 in the amount of $13,944.57. Whereas, as with Count II of the Fourth Amended complaint, coordinate judges of the Superior Court of the state of Connecticut have already addressed the issues that were raised concerning the enforcement of said judgment in the state of Connecticut, this Court comes to the conclusion that the law of the case doctrine applies and therefore denies the plaintiff's Motion for Summary Judgment as to Count IV of the Fourth Amended Complaint.
Whereas coordinate judges of the Superior Court of the state of Connecticut have already addressed the issues that were raised concerning the enforcement of aforementioned judgment in the state of Connecticut, on prior occasions in this matter, this Court comes to the conclusion that the law of the case doctrine applies.
 That doctrine provides that "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that CT Page 11204 decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Emphasis added.) Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982).
 Forte v. Citicorp Mortgage, 66 Conn. App. 475, 480 (2001).
For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is denied. So ordered.
Richard A. Robinson, J August 30, 2002 CT Page 11205