NICHOLAS R. BARZETTI *v.* MARIA MARUCCI
(AC 21446)

Lavery, C. J., and Foti and Daly, Js.

Argued September 10—officially released November 13, 2001

*Norman J. Voog*, with whom was *Christopher J. Molyneaux*, for the appellant (defendant).

*James R. Mulvey*, for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The defendant, Maria Marucci, appeals from the judgment of the trial court denying her motion for permission to relocate the parties' minor child. On appeal, she claims that (1) *Ireland* v. *Ireland*, 246 Conn. 413, 717 A.2d 676 (1998) (en banc), is the appropriate Supreme Court decision to guide the decision of this case, (2) the court improperly applied the decision in *Ireland*, (3) the court improperly failed to find that she had demonstrated by a preponderance of the evidence that the relocation was for a legitimate purpose and (4) the court improperly denied her motion for reargument. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's claims in this case. The plaintiff, Nicholas R. Barzetti, and the defendant are the parents of a child who was born on August 30, 1995. The parties never married. On May 4, 2000, the court, *Axelrod, J.*, entered an order, awarding, inter alia, joint legal and physical custody to the parties, granting the plaintiff custody from Wednesday afternoon to Sunday morning each week and granting the defendant custody for the remainder of the week. In addition, the plaintiff was given the final decision-making authority on all medical decisions, and the defendant was given the final decision-making authority on all other matters involving the education and care of the child.

On June 30, 2000, the defendant filed a motion for permission to relocate the minor child to Georgia, alleging that she was unable to locate housing that would enable her to continue her work as a day care provider. The court, *Frankel, J.*, found that the defendant had not made reasonable efforts to locate employment within Connecticut, that she had refused offers made by the plaintiff to provide her with housing and commercial space, and that her testimony as to the success of her

proposed business in Georgia was self-serving and not credible. Accordingly, the court denied her motion, concluding that she had not proven by a preponderance of the evidence that the proposed relocation was for a legitimate purpose and that the proposed location was reasonable in light of that purpose. This appeal followed.

I

The defendant first claims that the decision of our Supreme Court in *Ireland* controls this case. We decline to review that claim. Because the defendant claimed at trial that *Ireland* was the appropriate precedent and the trial court agreed that *Ireland* was the appropriate precedent,[1] the defendant is not aggrieved by the trial court's decision. See Practice Book § 61-1.[2]

II

The defendant next claims that the court improperly applied the rules in *Ireland* concerning the amount of evidence that is needed to demonstrate that a proposed parental decision to move to another state is for a legitimate purpose. We disagree.

"Our standard of review in domestic relations cases is a narrow one. We will not review a trial court's rulings with respect to custody unless the court incorrectly applied the law or could not have reasonably concluded as it did. *Duve* v. *Duve*, 25 Conn. App. 262, 266, 594 A.2d 473, cert. denied, 220 Conn. 911, 597 A.2d 332 (1991), cert. denied, 502 U.S. 1114, 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992); *Hurtado* v. *Hurtado*, 14 Conn. App. 296, 300–301, 541 A.2d 873 (1988)." *Janik* v. *Janik*,

---

[1] In its memorandum of decision, the court stated: "The defendant's position is that *Ireland* v. *Ireland*, [supra, 246 Conn. 413] is controlling. . . . This court concludes that *Ireland* is controlling."

[2] Practice Book § 61-1 provides: "An aggrieved party may appeal from a final judgment, except as otherwise provided by law."

61 Conn. App. 175, 178, 763 A.2d 65 (2000), cert. denied, 255 Conn. 940, 768 A.2d 949 (2001).

In *Ireland* v. *Ireland,* supra, 246 Conn. 413, our Supreme Court set forth the burden of a postdissolution custodial parent seeking to relocate.[3] "[T]he custodial parent seeking to relocate must prove, *by a preponderance of the evidence,* that the proposed relocation is motivated by a legitimate purpose and that the new location bears a reasonable relation to that purpose." (Emphasis added.) Id., 440. The defendant correctly claims that under *Ireland,* once the parent seeking to relocate has established a prima facie case that the proposed move is for a legitimate purpose and to a location that is consistent with that purpose, the burden shifts to the opposing parent. That is nothing more than an accurate summary of the Supreme Court's holding in *Ireland.*

The defendant goes on, however, to contend that once she has put forward any evidence of a legitimate purpose for the move, that constitutes a prima facie case of legitimacy of purpose unless and until it is rebutted by the other party. With that contention, we cannot agree.

We first note that the defendant has pointed only to the conclusion of the Supreme Court in *Ireland.* Turning to the conclusion in *Ireland,* we note the court's explanation of the standard it set forth: "[A] parent who has been exercising a significant majority of the custodial responsibility for the child should be allowed to relocate with the child *so long as* that parent shows that the relocation is in good faith for a legitimate purpose . . . ." (Emphasis added; internal quotation marks

---

[3] While we note that this case is not a postdissolution custody case because the parties never married, we conclude that *Ireland* nonetheless applies. In both cases, the parent initially granted primary custody sought to relocate outside Connecticut.

omitted.) Id., 424. That indicates that the Supreme Court did not envision that a mere unrebutted assertion of a legitimate purpose would suffice, but that a quantum of proof would be required.

That brings us to the heart of the issue—what is the quantum of proof required by a custodial parent to meet the first prong of the *Ireland* test? Although the defendant makes much of the Supreme Court's use of the phrase, "[o]nce the custodial parent has made such a prima facie showing, the burden shifts"; id., 428; she does not look to what the Supreme Court was referring to when it used the phrase, "such a prima facie showing."

The normal rules of English grammar would dictate that the phrase "such a prima facie showing" refers to the immediately prior discussion of something needed to be proved. Earlier in the same paragraph of *Ireland* is the statement that "a custodial parent seeking permission to relocate bears the initial burden of demonstrating, *by a preponderance of the evidence*, that (1) the proposed relocation is for a legitimate purpose." (Emphasis added.) Id. That appears to answer the question of what burden of proof the Supreme Court intended for the prima facie showing necessary to shift the burden to the party opposing relocation—the normal burden of proof required in civil cases, namely, a preponderance of the evidence. Once that is met, then the burden shifts to the other party.

That type of two part system, in which one party must first prove a prima facie case by a preponderance of the evidence and then the burden shifts to the other party to rebut that case, is not unique to cases in which a custodial parent seeks permission to relocate outside the state. The same structure exists, for example, in cases involving claims of employment discrimination. "The plaintiff bears the initial burden of proving by the

preponderance of the evidence a prima facie case of discrimination. . . . If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason . . . ." (Citations omitted; internal quotation marks omitted.) *Beizer* v. *Dept. of Labor*, 56 Conn. App. 347, 356, 742 A.2d 821, cert. denied, 252 Conn. 937, 747 A.2d 1 (2000).

We therefore conclude that the prima facie showing explained by the Supreme Court in *Ireland* must be made by a fair preponderance of the evidence before the burden shifts to the other parent to prove that relocation would not be in the best interest of the child.

### III

The defendant next claims that the court improperly failed to find that she had demonstrated by a preponderance of the evidence that the relocation was for a legitimate purpose. We disagree.

"The defendant essentially asks this court to retry the case and to evaluate the credibility of witnesses and the weight of the evidence. We do not engage in this type of review. See *Hoye* v. *DeWolfe Co.*, 61 Conn. App. 558, 562, 764 A.2d 1269 (2001). [W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. That is the standard and scope of this court's judicial review of decisions of the trial court. Beyond that, we will not go. . . . Id." (Internal quotation marks omitted.) *American Heritage Agency, Inc.* v. *Gelinas*, 62 Conn. App. 711, 717–18, 774 A.2d 220, cert. denied, 257 Conn. 903, 777 A.2d 192 (2001).

The defendant, in essence, asks us to reconsider whether she did in fact meet her burden of proving by

a preponderance of the evidence that her proposed move was for a legitimate purpose, a fact based determination we decline to disturb because it was based on evidence before the court.

## IV

The defendant finally claims that the court improperly denied her motion for reargument pursuant to Practice Book § 11-12.[4] We disagree.

"Our standard of review regarding challenges to a trial court's ruling on a motion for reconsideration is abuse of discretion." *Federal Deposit Ins. Corp.* v. *Thompson*, 56 Conn. App. 82, 89, 741 A.2d 972 (1999). In her motion, the defendant made the same claims to the court as she did at trial and failed to present any new claims or authority that would warrant the court's changing its decision. The court, therefore, had no reason to exercise its discretion in favor of the defendant on the basis of the claims presented in her motion. Furthermore, the defendant failed to address this issue adequately in her brief. The defendant has neither provided this court with meaningful analysis nor cited to any authority as to why the trial court abused its discretion in denying her motion. We therefore deem the issue abandoned. See *Taylor* v. *Taylor*, 57 Conn. App. 528, 534, 752 A.2d 1113 (2000); *In re Antonio M.*, 56 Conn. App. 534, 545, 744 A.2d 915 (2000); *Ferrara* v. *Hospital of St. Raphael*, 54 Conn. App. 345, 351, 735 A.2d 357, cert. denied, 251 Conn. 916, 740 A.2d 864 (1999).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] We note that Practice Book § 11-12 is entitled, "Motion to Reargue." We thus treat the defendant's claim as concerned with the court's ruling on her motion to reargue.