JUDY SANDVIG ET AL. *v.* A. DUBREUIL AND SONS, INC., ET AL.
(AC 20723)

Schaller, Mihalakos and O'Connell, Js.

Argued October 31, 2001—officially released January 25, 2002*

* January 25, 2002, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Donald R. Beebe,* with whom was *Susan B. Carr,* for the appellants (plaintiffs).

*Michael S. Burrell,* for the appellee (named defendant).

### Opinion

MIHALAKOS, J. The plaintiffs, Judy Sandvig and Karl Sandvig,[1] appeal from the summary judgment rendered by the trial court in favor of the defendant A. Dubreuil and Sons, Inc.[2] On appeal, the plaintiff claims that the court improperly (1) denied her requests to amend her complaint, (2) granted the defendant's motion for summary judgment because it applied the improper statute of limitations and (3) denied her motion for reconsideration. We affirm the judgment of the trial court.

The pleadings, affidavits and other documentary information presented to the court reveal the following facts and procedural history. On June 23, 1989, the

[1] Although Karl Sandvig is a party to this appeal, his claims are derived solely from his spousal relationship with Judy Sandvig. We therefore refer in this opinion only to Judy Sandvig as the plaintiff.

[2] In addition, the plaintiff named "John Doe" as a defendant. She "served" John Doe on October 12, 1993, by virtue of a notice published in the New London Day, a newspaper having general circulation in the New London area, where the incident at issue in this appeal occurred. On July 16, 1996, the plaintiff filed a revised amended complaint, substituting "John Doe" with Colonial Carpet and Tile, Inc. On May 7, 1999, the court, *Parker, J.,* rendered summary judgment in favor of Colonial Carpet and Tile, Inc., because the action was time barred. The court concluded that "[i]nsofar as Colonial Carpet and Tile, Inc., is concerned, the action was entirely new as of May 17, 1996. The notice to the nonexistent John Doe can not be construed as having any effect on Colonial Carpet and Tile, Inc." The plaintiff filed a notice of intent to appeal and included documents relating to Colonial Carpet and Tile, Inc., in the record. She did not, however, pursue any claims relating to Colonial Carpet and Tile, Inc., and, therefore, it is not a party to this appeal. We therefore refer in this opinion to A. Dubreuil and Sons, Inc., as the defendant.

defendant entered into a contract with the board of education of the city of New London, whereby the defendant was to perform renovations to the Charles B. Jennings School in New London. The renovations included the installation of a handicapped access ramp on the basement floor of the school.

On September 26, 1991, the plaintiff was injured when she slipped and fell near the handicapped access ramp while she was working as a teacher's aide. Thereafter, on February 23, 1993, the defendant filed a petition for bankruptcy for which an automatic stay issued pursuant to 11 U.S.C. § 362. By virtue of a complaint dated September 24, 1993, the plaintiff brought an action, claiming that her injuries were the result of the defendant's negligent installation of floor tiles in the area where she fell.[3] On May 3, 1994, the bankruptcy court lifted the automatic stay.

On January 6, 1997, the defendant filed its motion for summary judgment, claiming that the plaintiff's action is barred by the statute of limitations. The plaintiff filed a request to amend the complaint dated January 10, 1997, seeking to add to the allegations of negligence, and to which the defendant objected on January 22,

---

[3] The revised amended complaint dated July 12, 1996, is the operative complaint in this matter. In counts one and two, the plaintiff alleges:

"4. The defendant, through its agents, servants and/or employees negligently and carelessly created the defective condition in the hallway in which the plaintiff fell in one or more of the following ways, inter alia,

"a) Left the tile floor unfinished, exposing an area of the underlying rough and uneven cement; and/or

"b) Failed to smooth the exposed cement; and/or

"c) Failed to cover the exposed cement with a temporary safe surface; and/or

"d) Failed to finish the job by placing tile; and/or

"e) Failed to warn of the defective condition; and/or

"f) Failed to cordon off the area in which the tiles were missing."

Because Colonial Carpet and Tile, Inc., is not a party to this appeal, we refer only to those counts involving A. Dubreuil and Sons, Inc. See footnote 2.

1997.[4] Thereafter, the plaintiff filed a request to amend the complaint dated March 7, 1997, seeking to add four new counts sounding in contract and res ipsa loquitur. On March 24, 1997, the defendant filed an objection to the plaintiff's request to amend the complaint.

In its April 30, 1997 memorandum of decision, the court, *Handy, J.*, held that the amendments were new and different actions, and, therefore, the negligence amendments were barred by General Statutes § 52-584,[5] and the contract amendments were barred by General Statutes § 52-576.[6] The court denied the plaintiff's several motions to reargue and for rehearing. On May 7, 1999, the court, *Parker, J.*, ordered the plaintiffs to show cause why the action should not be dismissed because the writ of summons and complaint were dated and served during the time that the automatic bankruptcy stay was in effect, and, therefore, were void and of no legal effect.[7] On March 29, 2000, the court, *Parker,*

[4] The plaintiff's requested amendments would have added the following to paragraph four:

"g) In the process of working in the hallway, damaged the existing tiles; and/or

"h) Fail[ed] to repair the defective condition and/or damaged tiles created."

[5] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

[6] General Statutes § 52-576 (a) provides in relevant part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

[7] On May 13, 1999, the plaintiff filed a motion to dismiss the court's decision issuing an order to show cause on the basis of a trial on summary judgment. The court, *Parker, J.*, denied the motion as frivolous because no trial of the case had been held at any time. In addition, the plaintiff filed a motion to set aside a judgment and for a new trial. The court also denied that motion, finding that it "is just another frivolous motion filed by the plaintiffs. No judgment has been rendered regarding the defendant A. Dubreuil and Sons,

*J.*, rendered summary judgment in favor of the defendant on the original negligence counts because the action was time barred by § 52-584. This appeal followed. Additional facts and procedural history will be provided as necessary.

I

REQUESTS TO AMEND

The plaintiff first claims that the court improperly denied her requests to amend the complaint. With regard to the amendments to the negligence count, she argues that the amendments were not new and different causes of action, and, therefore, they related back to the original complaint. As to the contract counts, she argues that because this court affirmed the dismissal of her separate contract action in *Sandvig* v. *A. Dubreuil & Sons, Inc.*, 53 Conn. App. 466, 730 A.2d 646, cert. denied, 250 Conn. 920, 738 A.2d 659 (1999) (*Sandvig I*), on the basis of the prior pending action doctrine, the contract claims cannot be new and different as a matter of law.[8] Furthermore, she argues, she had a right to amend the original complaint sounding in tort to include additional counts based on the contract. We disagree.

A

Relation Back and Prior Pending Action Doctrines

1

Negligence Amendments—Relation Back Doctrine

With regard to her claim that the court improperly denied her first request to amend the complaint, the

---

Inc. . . . The order to show cause decided nothing. . . . There was no trial in this case on December 7, 1998, or at any other time. General Statutes § 51-183b is not applicable. . . . The motion is denied."

[8] By complaint dated April 15, 1997, the plaintiff commenced a second action alleging breach of contract. The trial court dismissed the action on the basis of the prior pending action doctrine. This court upheld that dismissal on May 25, 1999. *Sandvig I*, supra, 53 Conn. App. 466.

plaintiff argues that the amendments to her negligence counts were simply embellishments. Because the amendments were not "new and different" causes of action, the plaintiff argues, they related back to the original complaint, and, therefore, are valid amendments. We conclude that the court properly determined that the amendments constituted "new and different" causes of action, and, therefore, the request to amend as to the negligence counts was properly denied.

"The relation back doctrine has been well established by this court. A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . . ." (Internal quotation marks omitted.) *Alswanger* v. *Smego*, 257 Conn. 58, 64–65, 776 A.2d 444 (2001). "The fact that the same defendant is accused of negligence in each complaint and the same injury resulted . . . does not make any and all bases of liability relate back to an original claim of negligence." *Sharp* v. *Mitchell*, 209 Conn. 59, 73, 546 A.2d 846 (1988).

We have had prior occasion to review claims similar to those presented in this case in *Patterson* v. *Szabo Food Service of New York, Inc.*, 14 Conn. App. 178, 540 A.2d 99, cert. denied, 208 Conn. 807, 545 A.2d 1104 (1988). In *Patterson*, the plaintiff attempted to amend his complaint to reflect additional negligence allegations. The original complaint alleged that the defendant had failed to clean a floor on which the plaintiff fell and sustained injuries. The amended complaint, however, alleged that the defendant created the dangerous condition. We concluded that "the substitute complaint presents a new and different factual situation from that stated in the original complaint and that it therefore states a new and different cause of action." Id., 183.

The plaintiff argues that the amendments to the negligence claims were merely embellishments and did not constitute a new negligence action.[9] The original complaint alleged that the defendant negligently failed to finish the floor in the area by the ramp. The proposed amended complaint alleged that the defendant negligently damaged the tiles when it installed the ramp. To prove that the defendant actively damaged the tiles requires a different factual predicate than to prove that the defendant failed to repair already damaged or exposed tiles. Because the plaintiff must prove a different set of facts, the amendments constitute new and different causes of action, and, therefore, do not relate back to the original complaint.

2

Contract Amendments—Prior Pending Action Doctrine

With regard to her claim that the court improperly denied her second request to amend the complaint, the

---

[9] The plaintiff also argues that the defendant was put on notice by the use of the phrase "inter alia" that the list of negligence allegations was not exhaustive. We fail to see how the phrase "inter alia" provides the defendant with the requisite notice. See *Alswanger* v. *Smego*, supra, 257 Conn. 65 (concluding that relation back doctrine provides that amendment relates

plaintiff argues that because this court affirmed the dismissal of her contract action in *Sandvig I* on the basis of the prior pending action doctrine, the contract counts must be a part of the original cause of action, and therefore, cannot be a new and different action as a matter of law. The plaintiff is mistaken.

In *Sandvig I*, this court concluded that the trial court properly applied the prior pending action doctrine "[b]ecause our review of the record reveals that the *pleadings* in the contract action are virtually identical to those raised by the complaint in the plaintiffs' negligence action . . . ." (Emphasis added.) *Sandvig I*, supra, 53 Conn. App. 470. That conclusion is not inconsistent with the trial court's application of the relation back doctrine in the present action.

"The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . We must examine the pleadings to ascertain whether the actions are *virtually alike* . . . and whether they are *brought to adjudicate the same underlying rights*." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 469.

The plaintiff further argues that the court improperly applied the relation back doctrine in light of this court's conclusion in *Sandvig I* that the actions were virtually

back when original complaint has given party fair notice that claim is asserted stemming from particular transaction or occurrence).

identical. Otherwise, the plaintiff argues, the relation back doctrine and the prior pending action doctrine are inconsistent. We do not agree.

Although the amended complaint alleged negligence related to the same injury, it was based on a factual scenario different from that in the original complaint. That the injuries alleged and the parties involved in each complaint were identical ignores the fact that the allegations in the complaints were based on different facts. We conclude that the relation back doctrine was properly applied in light of the prior pending action doctrine because although the *pleadings* in the two actions were virtually alike, the *facts* necessary to prove the allegations in the amended complaint were new and different from those necessary to the original complaint. The amendments, therefore, form a new and different cause of action and do not relate back to the original complaint. Thus, the court properly denied the plaintiff's request to amend the complaint.

B

Statutory Right to Amend

The plaintiff next claims that she had a right to amend her negligence complaint to include a contract count pursuant to General Statutes § 52-136,[10] and Practice Book §§ 10-62[11] and 10-65.[12] We do not reach the merits of those claims because the plaintiff has not properly preserved the record.

---

[10] General Statutes § 52-136 provides in relevant part: "[A]ny complaint founded on a tort may be amended so as to set forth instead a cause of action for a breach of contract arising out of the same transaction or subject of action."

[11] Practice Book § 10-62, formerly § 178, provides in relevant part: "In all cases of any material variance between allegation and proof, an amendment may be permitted at any stage of the trial. . . ."

[12] Practice Book § 10-65, formerly § 181, provides in relevant part: "[A] complaint founded on a tort may be amended so as to set forth a cause of action for a breach of contract arising out of the same transaction . . . ."

The court's memorandum of decision is silent as to the arguments concerning § 52-136, and Practice Book §§ 10-62 and 10-65, and the plaintiff did not seek an articulation from the court in that regard. "It is the responsibility of the [plaintiff] to provide an adequate record for review . . . ." Practice Book § 60-5. Because there is no articulation of the court's reasoning, we are unable to review those claims. See *Bradley* v. *Randall*, 63 Conn. App. 92, 97, 772 A.2d 722 (2001).

The plaintiff also argues that Practice Book § 10-60[13] does not allow a trial court to make factual findings where the facts are disputed. The plaintiff fails to provide either legal authority or analysis to support that claim. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *In re Shane P.*, 58 Conn. App. 234, 243–44, 753 A.2d 409 (2000). "We will not review claims absent law and analysis." *Altfeter*

---

[13] Practice Book § 10-60, formerly § 176, provides in relevant part: "(a) Except as provided in Section 10-66, a party may amend his or her pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section in the following manner:

\* \* \*

"(3) By filing a request for leave to file such amendment, with the amendment appended, after service upon each party as provided by Sections 10-12 through 10-17, and with proof of service endorsed thereon. If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party. If an opposing party shall have objection to any part of such request or the amendment appended thereto, such objection in writing specifying the particular paragraph or paragraphs to which there is objection and the reasons therefor, shall, after service upon each party as provided by Sections 10-12 through 10-17 and with proof of service endorsed thereon, be filed with the clerk within the time specified above and placed upon the next short calendar list.

"(b) The judicial authority may restrain such amendments so far as may be necessary to compel parties to join issue in a reasonable time . . . ."

v. *Naugatuck*, 53 Conn. App. 791, 796 n.5, 732 A.2d 207 (1999).

## II

### SUMMARY JUDGMENT

The plaintiff next claims that the court improperly granted the defendant's motion for summary judgment by concluding that there was no genuine issue of material fact and the action was time barred as a matter of law. She claims that the court did not apply the correct statute of limitations. Specifically, she first argues that either General Statutes (Rev. to 1991) § 52-584a, applicable to architects and professional engineers, or General Statutes § 52-577a, applicable to products liability, is the appropriate statute regarding the negligence amendments. Next, she argues that General Statutes § 52-595, which concerns fraudulent concealment, tolls the statute of limitations during the entire period of concealment. Furthermore, she argues, any statute of limitations was tolled by the defendant's bankruptcy. Last, the plaintiff argues that the statute of limitations with regard to the contract claims did not begin to accrue until the completion of the contract. We are not persuaded.

The standard for appellate review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive

law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Bishel* v. *Connecticut Yankee Atomic Power Co.*, 62 Conn. App. 537, 543, 771 A.2d 252, cert. denied, 256 Conn. 915, 773 A.2d 943 (2001).

The plaintiff was injured on September 26, 1991. Furthermore, she concedes that the defendant completed the work no later than November, 1989. The action was not brought until September 24, 1993, almost four years from the date of the alleged act or omission. Thus, the court properly found that there was no genuine issue of material fact.

We must now determine whether the defendant was entitled to judgment as a matter of law. Because the matter of whether a party's claim is barred by the statute of limitations is a question of law, we review the plaintiff's claims de novo. *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 833, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001).

A

Statutes of Limitation

The plaintiff first argues that § 52-584a is the statute of limitations applicable to her negligence claims.[14] The court found that § 52-584 is the proper statute of limitations. We agree with the court.

---

[14] General Statutes (Rev. to 1991) § 52-584a (a) provides in relevant part: "No action or arbitration, whether in contract, in tort, or otherwise, (1) to recover damages (A) for any deficiency in the design, planning, contract administration, supervision, observation of construction or construction of an improvement to real property . . . (C) for injury to the person . . . arising out of any such deficiency . . . shall be brought against any architect or professional engineer performing or furnishing the design, planning, supervision or observation of construction or construction of such improvement more than seven years after substantial completion of such improvement."

General Statutes (Rev. to 1991) § 52-584a is limited to actions involving architects and professional engineers. The plaintiff did not at any time allege that the defendant is an architect or a professional engineer. Moreover, in its April 29, 1997 decision denying the plaintiff's requests to amend, the court found that "there is nothing before this court indicating that [the] defendant is anything but a contractor." Because there is no dispute that the defendant is not an architect or a professional engineer, but rather, a general contractor, § 52-584a does not apply as a matter of law.

The plaintiff next claims that § 52-577a is the applicable statute of limitations.[15] Specifically, she argues that a contractor is liable for all foreseeable harm resulting from its negligence, and, further, contractor liability is product liability and, therefore, starts from the date of injury. We disagree.

The plaintiff argues that *Coburn* v. *Lenox Homes, Inc.*, 173 Conn. 567, 378 A.2d 599 (1977), and *Minton* v. *Krish*, 34 Conn. App. 361, 642 A.2d 18 (1994), render § 52-584 inapplicable to this case. According to the plaintiff, a contractor is liable for all foreseeable harm resulting from its negligence. That argument is misplaced because the cases on which the plaintiff relies are inapposite. Those cases hold that a contractor may be held liable for its negligence even after his work has been completed and accepted. In fact, neither *Coburn* nor *Minton* even discusses the applicable statute of limitations.

---

[15] General Statutes § 52-577a (a) provides in relevant part: "No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury . . . is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to sections (c), (d) and (e), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product."

The plaintiff finally claims that § 52-595 is the applicable statute of limitations.[16] Specifically, she argues that "[t]he concealment of documents by the defendant prevented the statute of limitations from starting until the production of the fraudulently concealed documents on 10/8/97." We decline to review that claim.

The court's memorandum of decision is silent as to the arguments concerning § 52-595. As we previously noted, "[i]t is the responsibility of the [plaintiff] to provide an adequate record for review . . . ." Practice Book § 60-5. Because there is no articulation of the court's reasoning, we are unable to review the plaintiff's claim. See *Bradley* v. *Randall*, supra, 63 Conn. App. 97.

Section 52-584 is the statute of limitations applicable to the plaintiff's negligence claims. A negligence claim must be brought within two years of the injury, but cannot be brought after three years from the date of the act or omission. The plaintiff concedes that the defendant completed the work no later than November, 1989. The plaintiff was injured on September 26, 1991. The action was not brought until September 24, 1993, almost four years from the date of the alleged act or omission. The plaintiff's entire negligence action, including the amendments, is, therefore, time barred as a matter of law.

B

Bankruptcy

The plaintiff next claims that the statute of limitations was tolled by the defendant's bankruptcy. Specifically, she argues that the statute of limitations was tolled for

---

[16] General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

the period of time between the defendant's filing of the bankruptcy petition and the date on which the automatic stay was lifted. We disagree.

In February, 1993, the defendant filed a petition for bankruptcy for which an automatic stay issued pursuant to 11 U.S.C. § 362 (a).[17] The plaintiff commenced her action after the defendant filed its petition and during the time that the automatic stay was in effect. On May 3, 1994, the Bankruptcy Court lifted the automatic stay pursuant to 11 U.S.C. § 362 (d).[18] The plaintiff did not reinitiate commencement of her action, but rather, filed a request to amend the complaint on January 10, 1997. The plaintiff represents to this court that the statute of limitations was tolled by the bankruptcy action for one year, two months and eight days pursuant to 11 U.S.C. § 108 (c).

Contrary to the plaintiff's argument, statutes of limitation are not tolled by an automatic bankruptcy stay. If the statute of limitations has expired during the automatic bankruptcy stay, the plaintiff has thirty days from the notice of termination or expiration of the stay within which to commence her action. 11 U.S.C. § 108 (c).[19]

[17] Title 11 of the United States Code, § 362 (a), provides in relevant part: "Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—

"(1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . ."

[18] Title 11 of the United States Code, § 362 (d), provides in relevant part: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

"(1) for cause . . . ."

[19] Title 11 of the United States Code, § 108 (c), provides in relevant part: "Except as provided in section 524 of this title, if applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition,

Indeed, 11 U.S.C. § 108 (c) provides only for the extension of the applicable time deadlines for thirty days if such deadline would have expired prior to the termination of the stay. See *Aslanidis* v. *United States Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir. 1993). The tolling rationale posited by the plaintiff "does not apply in the bankruptcy arena because plaintiffs have advance knowledge of when claims are to expire and may act to protect themselves." Id., 1074.

The automatic stay was lifted on May 3, 1994. As we have previously concluded, the deadline for commencing the plaintiff's negligence action is governed by § 52-584 and expired prior to the lifting of the automatic stay. Because the plaintiff did not commence her action anew on or before June 2, 1994, the plaintiff cannot save her action under the Bankruptcy Code.

## C

### Accrual of Claim

Last, the plaintiff argues that the statute of limitations with regard to the contract claims did not begin to accrue until the completion of the contract. Furthermore, she argues, there was a genuine issue of material fact as to when the work was completed. We decline to review that claim.

In its April 29, 1997 memorandum of decision, the court, *Handy, J.*, found that the "[d]efendant, A. Dubreuil and Sons, Inc., completed work in this area (the site of the alleged incident) in September of 1989. The six years ran in September of 1995; the amendment was made on March 7, 1997, well outside the six year statute."

---

then such period does not expire until the later of—

"(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

"(2) 30 days after notice of the termination or expiration of the stay under section 362 . . . of this title . . . with respect to such claim."

The plaintiff has not provided this court with a copy of the entire contract.[20] Moreover, she has failed to seek an articulation of the court's reasoning for concluding that the statute of limitations relating to the contract claims expired in September, 1995. Again, as previously noted, the plaintiff must provide this court with an adequate record for review. See Practice Book § 60-5. Because there is no articulation of the court's reasoning, we are unable to review her claims. See *Bradley* v. *Randall*, supra, 63 Conn. App. 97.

## III

## MOTION FOR RECONSIDERATION

The plaintiff's final claim is that the court improperly denied her motion for reconsideration. Specifically, she claims that because the court had the authority to reconsider the matter, it should have exercised that power. We disagree.

"Our standard of review regarding challenges to a trial court's ruling on a motion for reconsideration is abuse of discretion." (Internal quotation marks omitted.) *Barzetti* v. *Marucci*, 66 Conn. App. 802, 808, 786 A.2d 432 (2001). The plaintiff failed to address that issue adequately in her brief. She "has neither provided this court with meaningful analysis nor cited to any authority as to why the trial court abused its discretion in denying her motion. We therefore deem the issue abandoned." Id.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[20] The plaintiff has provided a copy of the standard form of agreement between owner and contractor entered into between the defendant and the New London board of education. It is, however, a standard form agreement produced by the American Institute of Architects. She has not provided a complete copy of the specifications detailing the terms and conditions of the standard form agreement.