[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106.00)
The plaintiffs Cleveland and Brenda Thompson served a four count complaint. In the first count Cleveland Thompson alleges that on December 8, 1998, in his capacity as a service-repairman employed by Petroleum Heat and Power, he fell on an unsafe basement staircase in a home owned by defendant James Dean. In the second count Thompson alleges that on January 23, 1999, again while working, he fell on an unsafe basement staircase in a home owned by Gustavo Lescano. Thompson's wife, Brenda has alleged separate loss of consortium claims against Dean and Lescano in counts three and four respectively.
The allegations of negligence against Dean and Lescano are identical, i.e. each failed to inspect and maintain in safe condition their respective staircases; each staircase was in a decayed, decrepit and CT Page 8137 dilapidated condition, etc. The results of the two falls are alleged to be somewhat different. In the December 1998 fall at the Dean residence, Thompson alleged he hit his right shoulder. In the January 1999 fall at the Lescano residence, Thompson alleged his left foot caught on the staircase and he hit his left shoulder, wrist and his lower back.
Thompson's complaint alleged that he suffered "sprain/strain" of the back and right shoulder in the first fall (Dean residence). He alleges a longer list of injuries as a result of the second fall (Lescano residence) including a herniated disc, low back pain, left foot sprain and injury, and injury to the right shoulder. Thompson also claims that as a result of each fall he was required to undergo serious back surgery.
The defendant Lescano has moved to strike counts two and four, the negligence and loss of consortium claims against him on the grounds that these claims are improperly joined with the claims against Dean. A motion to strike is the appropriate means to challenge the improper joinder of causes of action in a complaint. Practice Book § 10-39(a)(4).
General Statutes § 52-97 requires that if more than one tort cause of action is alleged in a complaint they must arise "out of the same transaction or transactions connected with the same subject of action." See also, Practice Book §§ 10-21, 10-22. The causes of action against Dean arise out of his alleged negligence with respect to the staircase at his residence located at 125 Waterbury Avenue in the City of Stamford. Any act or omission constituting negligence by Dean had to occur on or before December 8, 1998. The causes of action against Lescano arise from his alleged negligence with respect to the staircase at this 26 Lawton Avenue residence in Stamford. His negligence had to occur on or before January 23, 1999.
The plaintiff in opposing the motion to strike contends that the set of facts constituting the "same transaction" are the injuries he sustained. He argues with some force of logic that the joinder of both claims in one action would allow a jury to consider all the evidence at a single trial better enabling it to determine whose alleged negligence and which fall caused which injuries.
In Hall v. Burns, 213 Conn. 446 (1990) the Connecticut Supreme Court explained that a cause of action is a; "single group of facts which is claimed to have brought about an unlawful injury to the plaintiff' Id 484, n. 9; see also, Sandvig v. A. Dubreqil and Sons, Inc.,68 Conn. App. 79 (2002). Therefore, contrary to the plaintiff's assertion, the relevant set of facts is not the injury but what caused the injury. CT Page 8138
In this case there are two quite separate sets of facts that are alleged to have caused injury: those facts relating to the Dean stairway and those relating to the Lescano staircase. Furthermore, there is no common subject matter tieing those acts of facts together. There is no alleged relationship between defendants Dean and Lescano, nor is there any allegation that one defendant's conduct was related to, influenced by, or in any way connected to, the conduct of the other.
The plaintiff relies mainly on three cases. In Szymanki v. HartfordHospital, judicial district of Hartford/New Britain at Hartford, D.N. 33831 (January 2, 1990, Clark, J.) the court denied a motion to strike on misjoinder grounds and stated that joinder rules are not jurisdictional and should be flexibly applied. However, that case involved the same set of defendants on all the causes of action and involved one subject matter: what happened to the plaintiffs and plaintiffs' decedent during one course of treatment at a hospital. Similarly, in Groggins v.Fawcett, 145 Conn. 709 (1958) and Hratko v. Bethel Board of Education, judicial district of Danbury, D.N. 317836 (March 7, 1995, Leheny J.) the various causes of action involved the same parties and the same alleged course of conduct. In Groggins, the plaintiff alleged the defendant negligently struck the plaintiff's vehicles in Connecticut. When the plaintiff chased the defendant into Massachusetts, the defendant allegedly struck the plaintiff again. Hratko involved two incidents of one girl's "assaultive behavior" toward another while on school grounds and under school supervision. The above three cases are quite dissimilar from this case and all easily fall within the concept of separate but related transactions.
In this case, however, there is no relationship or connection between the two incidents alleged. They are, therefore, misjoined causes of action and the motion to strike counts two and four is granted.
ADAMS, J.