[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced in May 2002 when the plaintiff, The Connecticut Bank of Commerce (CBC) sought a prejudgment remedy, seeking to attach the assets of the defendants, Julie Giordano and Anthony Giordano. The application seeks security for claims arising out of the same $300,000 note asserted by the plaintiff as being in default in CV 97 0395500 S and CV 02 0467998.
On July 13, 2002, the defendants filed a motion to dismiss (#105) based upon the prior pending action doctrine. An objection thereto was filed by the plaintiff on August 26, 2002. Defendants' response to the objection was filed on August 30, 2002. On October 16, 2002, defendants filed supplemental material in support of its August 30, 2002 filing.
On July 18, 2002, the plaintiff, CBC, filed a motion to substitute the FDIC as the plaintiff. Defendants filed an objection to the motion to substitute. The basis of the objection was that the entire matter should be dismissed under the prior pending action doctrine.
 RE: Docket No. CV 02 0467998
This is a foreclosure action commenced by the Federal Deposit Insurance Corporation (FDIC) against the defendants, Julie D. Giordano and Anthony V. Giordano, as well as subsequent liens. The return date is August 27, 2002. The FDIC brought the action as receiver for Connecticut Bank of Commerce (CBC). The plaintiff seeks to foreclose a mortgage secured on real estate at 541 Washington Avenue, West Haven and 545 Washington Avenue, West Haven, Connecticut. The mortgages secure a $300,000 note from the defendants, Giordano, which is the subject of the foreclosure action in CV 97 0395500 and the prejudgment remedy application in CV 02 0464363.
On August 30, 2002, the defendants, Giordano, filed a motion to dismiss under the prior pending action doctrine. On October 7, 2002, the CT Page 1501 plaintiff filed its objection to the motion to dismiss. On October 16, 2002, the defendants, Giordano, filed a response to that objection.
General Discussion and Law
The same principles regarding the prior pending law doctrine applies to both of these cases. In CBC v. Giordano, CV 97 0395500, this court has just recently denied a motion for judgment filed by the defendants based in part on the fact that the complaint had been withdrawn by the plaintiff and that it was no longer pending before the court. The court further notes here that there was never a hearing on the merits of the complaint before it was withdrawn.
Law
 We have explicated the prior pending action doctrine as follows. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction . . . The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law . . . We must examine the pleadings to ascertain whether the actions are virtually alike.
(Citations omitted; internal quotation marks omitted.) Modzelewski v.William Raveis Real Estate, Inc., 65 Conn. App. 708, 713-14, 783 A.2d 1074
(2001).
The permissive nature of the discretion accorded the court in determining whether to dismiss a matter based upon the prior pending action doctrine was iterated when the standard was once again visited by the Appellate Court one year later.[1]
The prior pending action doctrine permits the court to dismiss a second case raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction . . . We must examine the pleadings to ascertain whether CT Page 1502 the actions are virtually alike . . . and whether they are brought to adjudicate the same underlying rights.
Sandvig v. A. Dubreil and Sons, Inc., 68 Conn. App. 79, 87, 789 A.2d 1012
(2002) (citations omitted; emphasis in original; internal quotation marks omitted).
If the first action, CV 97 0395500 was still pending then this doctrine might apply for they would have been two virtually identical foreclosure actions.
The prior action having been withdrawn is no longer a pending action. The law which allows this permissive withdrawal by a plaintiff has no provision barring an identical action from being brought a second time. To date, defendants' and plaintiff's rights under the pleadings in the foreclosure here have not yet been substantially adjudicated.
The prejudgment remedy action in CV 02 0464363 is for collection on the same underlying note, but it is a different cause of action than the pending foreclosure in CV 02 0467998. All involved acknowledge that these are separate actions.
The court finds it would be wrong as a matter of justice and equity to dismiss the present actions where there is no other pending action, and where there has been no adjudication on the merits of the controversy between the parties.
The motion to dismiss in each file is denied.
Munro, J.