[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Bridgeport Hospital, moves to strike the plaintiff's complaint based on the doctrine of prior pending action and the exclusivity of the Workers' Compensation Act.
The plaintiff's complaint alleges that the defendant, a self-insured entity, is responsible for administering workers' compensation claims brought by its employees. While in the defendant's employ, the plaintiff sustained a work-related injury for which she filed a claim for workers' compensation. Thereafter, the plaintiff and the defendant entered into a voluntary agreement which, on December 5, 1996, was approved by the workers' compensation commissioner. Notwithstanding that agreement, the plaintiff alleges that the defendant continues to unreasonably deny her benefits to which she is entitled, and as a result has suffered financial loss and emotional distress. Specifically, the plaintiff alleges in the first count of her complaint that the defendant was negligent in that it: failed, neglected or refused to make timely payments for medical services, supplies and benefits; violated General Statutes § 31-296
(a) by unilaterally advancing specific benefits in lieu of total disability benefits; violated General Statutes § 31-326 by engaging in tactics that prevented the plaintiff from receiving timely payment of benefits; denied the plaintiff's claim for compensation of her psychiatric illness which arose out of her physical disability in contravention to medical opinion; denied the plaintiff psychiatric and medical treatment, and cost of living adjustments. In a second count, the plaintiff alleges that the defendant's negligence "was such that [the defendant] knew or should have known that it would likely result in the infliction of great emotional distress upon the Plaintiff."
The plaintiff brought this action on August 7, 2002, at which time another action between the plaintiff and the defendant was already pending in this court.[1] In the prior action, the plaintiff alleges in her substitute complaint that the defendant wrongfully discharged her from employment, unduly delayed payment of wages and medical benefits, and negligently, recklessly and intentionally failed to comply with the Workers' Compensation Act. The plaintiff also alleges that the defendant's actions and omissions violated the Connecticut Unfair Trade Practices Act. This prior action was referred to arbitration by agreement of the parties.
 I
The first ground on which the defendant moves to strike the complaint is the prior pending action doctrine.
"The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction . . . We must examine the pleadings to ascertain whether the actions are virtually alike . . . and whether they are brought toadjudicate the same underlying rights." (Emphasis in original; internal quotation marks omitted.) Sandvig v. A. Dubreuil Sons, Inc.,68 Conn. App. 79, 87, 789 A.2d 1012, cert. granted on other grounds,260 Conn. 931, 799 A.2d 296 (2002).[2] "We must examine the pleadings to ascertain whether the actions are virtually alike . . ." (Citation omitted; internal quotation marks omitted.) Cumberland Farms, Inc. v.Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998).
The court has examined the pleadings in the two actions to determine whether those actions are virtually alike. They are not. The gravamen of the present action is the defendant's denial of the plaintiff's claim for workers' compensation benefits for the psychiatric disability which allegedly arises from her physical disability. The plaintiff did not make this workers' compensation claim until 2001. The cause of action[3]
here accrued subsequent to the time the plaintiff commenced the prior action. See Keogh v. Von Lienen, 2 Conn. Cir. 96, 98, 195 A.2d 250 (App. Div. 1963).
It is true that a plaintiff may not avoid the prior pending action rule by splitting her cause of action; see Cole v. Fowler, 68 Conn. 450, 458,36 A. 807 (1896); and that the plaintiff may have been able to amend her prior action to include the cause of action made here. Practice Book § 10-60; see also Practice Book §§ 10-21, 10-22. Where plaintiffs "could have so easily procured the advantage . . . which they did obtain in the second action by getting an order . . . in the first action . . . the second action . . . was unreasonable." Cole v. AssociatedConstruction Co., 141 Conn. 49, 56, 103 A.2d 529 (1954). Such an amendment, however, seeking to join a cause of action accruing years after the commencement of the first action would not have been as of right; see Practice Book § 10-59; but at the discretion of the court. Beckman v. Jalich Homes, Inc., 190 Conn. 299, 302-03, 460 A.2d 488
(1983). "Application of the prior pending action rule to these facts is neither equitable nor just." Planning Zoning Commission v.Campanelli, 9 Conn. App. 534, 538, 520 A.2d 242 (1987).
The defendant also contends that the present action is subject to abatement because of the pendency of workers' compensation proceedings. Without deciding whether a claim for workers' compensation benefits can ever be the predicate for dismissal under the prior pending action doctrine, it is enough to observe that the defendant failed to prove with sufficient specificity what claim the plaintiff made to the workers' compensation commissioner. It is the movant's burden to prove, by affidavits or other competent evidence, that the plaintiff's action should be dismissed based on the pendency of another action. DeMartinov. DiSora, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 90 030509 (November 27, 1990, Curran J.); Casperv. Green, Superior Court, judicial district of Waterbury, Docket No. CV 98 0144205 (November 19, 1998, Leheny, J.) (23 Conn.L.Rptr. 413, 413);Miller v. Bethel, Superior Court, judicial district of Danbury, Docket No. 325667 (June 17, 1997, Stodolink, J.); Derby Savings Bank v.Benedetti, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 95 0050760 (April 23, 1996, Curran, J.); Oppel v.Maguire Group, Inc., Superior Court, judicial district of New Haven, Docket No. 348546 (October 29, 1993, Zoarski, J.) (8 C.S.C.R. 1216, 1217). Moreover, the plaintiff represented to the court at oral argument that the claim she made for psychiatric disability in the workers' compensation forum, whatever its precise nature and extent, was resolved by the commissioner and has not been subject to an appeal. This representation by the plaintiff was not controverted. Accordingly, the workers' compensation claim is no longer "pending." (Internal quotation marks omitted.) Ross Realty Corp. v. Surkis, 163 Conn. 388, 391,311 A.2d 74 (1972).
For these reasons, this action is not subject to abatement based on the prior pending action doctrine.
 II
The second ground of the defendant's motion is based on the exclusivity of the remedies provided by the Workers' Compensation Act.
"In Brosnan v. Sacred Heart University, Superior Court, Judicial District of Fairfield, No. 333544 (20 Conn.L.Rptr. 509 (1997), I held that a civil action, including an action under CUTPA, for money damages against an employer and a workers' compensation insurer may not be maintained for the unreasonable contest of a workers' compensation claim and delay in paying workers' compensation benefits. Such tort actions are contrary to the overall scheme and intent of the workers' compensation act. I have recently adhered to that opinion in Nicolelli v. ContinentalCasualty Co., Superior Court, judicial district of New Haven, Docket No. 414441 (October 13, 1999) (25 Conn.L.Rptr. 497), a case which illustrated how such tort actions may result in inconsistent findings by the workers' compensation commission and the superior court. I continue to adhere to the opinion expressed in Brosnan." Viviano v. Powell, Superior Court, judicial district of New Haven, Docket No. 384941 (December 6, 1999, Levin, J.).
In Spencer v. Health Direct, Inc., Superior Court, judicial district of New London, Docket No. 544356 (January 8, 1999, Mihalakos, J.) (23 Conn.L.Rptr. 675, 677), Judge Mihalakos adopted the "reasoning inBrosnan, supra, because it comports with the legislative intent of the WCA [Workers' Compensation Act]. Section 31-300 of the WCA provides the plaintiff with an exclusive and adequate remedy for the alleged wrongs committed by the defendants. Indeed, `[i]t would be anomalous for the legislature to have vested such discretion in the commissioner [in determining whether insurer unduly and unreasonably delayed compensation payments under § 31-300] while, at the same time, intending that a judge or jury could reach a contrary, inconsistent determination in an action in tort.' Brosnan, supra, Superior Court, Docket No. 333544,20 Conn.L.Rptr. 509."
It is true that "[t]here is currently a split of authority among the superior courts as to whether a beneficiary of a workers' compensation award can sue an insurance carrier for bad faith handling of the worker's claims. One line of reasoning holds that the exclusivity principle of workers' compensation does not apply because the alleged intentional bad faith handling of a workers' compensation claim by an insurance company does not arise during the course of employment, but rather occurs after the injury for which the worker is being compensated . . . This line of cases also generally holds that since the remedies provided for by workers' compensation do not provide redress for consequential damages suffered as a result of an insurer's bad faith handling of a workers' compensation award, further administrative remedies would be inadequate and exhaustion futile." (Internal quotation marks omitted.) Yuille v.Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 980358902 (May 11, 1999, Nadeau, J.) (24 Conn.L.Rptr. 555, 555). Even under this line of cases, however, the plaintiff's complaint is flawed because it does not allege intentional bad faith but only that the defendant was "negligent in the performance of its statutory obligations to the plaintiff" under the Workers' Compensation Act.
This defect is not obviated in the second count by incorporating the allegations of the first count and adding that the "conduct of the Defendant was such that it knew or should have known that it would likely result in the infliction of great emotional distress upon the Plaintiff" because Brosnan, supra, bars such claims. Moreover, as stated previously, the plaintiff fails to allege intentional bad faith. The phrase "knew or should have known" typically connotes negligence. SeeWorden v. Francis, 148 Conn. 459, 465, 172 A.2d 196 (1961); Ruocco v.United Advertising Corp., 98 Conn. 241, 244, 119 A. 48 (1922); O'Keefev. National Folding Box Paper Co., 66 Conn. 38, 45, 33 A. 587
(1895); Vaillancourt v. Southington, Superior Court, complex litigation docket at New Britain, Docket No. X03 CV 01 0510816 (May 7, 2002, Aurigemma, J.) (32 Conn.L.Rptr. 191, 194); Jerez v. Danbury, Superior Court, judicial district of Danbury, Docket No. CV 99 336499 (August 25, 2000, Moraghan, J.).
The motion to strike is granted.
BY THE COURT
 Bruce L. Levin Judge of the Superior Court