## JUDY SANDVIG ET AL. *v.* A. DUBREUIL AND SONS, INC., ET AL.
### (SC 16781)

Sullivan, C. J., and Norcott, Katz, Vertefeuille and Zarella, Js.

Argued May 19—officially released July 13, 2004

*Donald R. Beebe,* for the appellants (plaintiffs).

*Michael S. Burrell,* for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiffs, Judy Sandvig and Karl Sandvig, appeal, following our grant of certification, from the judgment of the Appellate Court affirming the judgment of the trial court in favor of the named defendant, A. Dubreuil & Sons, Inc. *Sandvig v. A. Dubreuil & Sons, Inc.,* 68 Conn. App. 79, 789 A.2d 1012 (2002). At issue is whether the plaintiffs' negligence and contract claims against the named defendant are barred by the applicable statutes of limitations. See General Statutes § 52-584 (providing two year statute of limitations on negligence actions); General Statutes § 52-576 (providing six year statute of limitations on contract actions). We granted the plaintiffs' petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that: (1) with respect to the plaintiffs' negligence count, the relation back doctrine did not apply; (2) with respect to the plaintiffs' contract count, the relation back doctrine did not apply; and (3) the statute of limitations applicable to the plaintiffs' causes of action was not tolled by the named defendant's bankruptcy proceedings?" *Sandvig v. A. Dubreuil & Sons, Inc.,* 260 Conn. 931, 799 A.2d 296 (2002).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should

be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.