******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MACDERMID, INC. *v.* COOKSON
GROUP, PLC, ET AL.
(AC 35541)

Lavine, Sheldon and Pellegrino, Js.

*Argued January 9—officially released April 22, 2014*

(Appeal from Superior Court, judicial district of
Waterbury, Complex Litigation Docket, Dooley, J.)

*John R. Horvack, Jr.*, with whom, on the brief, were
*Fatima Lahnin* and *John L. Cordani, Jr.*, for the appel-

lant (plaintiff).

*R. Bart Totten*, pro hac vice, with whom was *Nicole J. Benjamin*, for the appellees (defendants).

*Opinion*

SHELDON, J. The plaintiff, MacDermid, Inc., appeals from the judgment of the trial court dismissing three counts[1] of its complaint against the defendants, Cookson Group, PLC, Cookson Electronics, Inc., and Enthone, Inc., on the basis of the prior pending action doctrine.[2] Although the plaintiff has acknowledged that the allegations of its complaint in this action (*MacDermid II*) and the allegations of its complaint in an earlier action that is still pending (*MacDermid I*) are virtually alike, the plaintiff claims on appeal that the defendants should have been judicially estopped from seeking dismissal of its complaint in this action under the prior pending action doctrine. We agree and, accordingly, reverse the judgment of the trial court.[3]

The following facts, as set forth by the trial court, are relevant to the plaintiff's claims on appeal. "*MacDermid I* was commenced by service of a writ, summons and complaint in June 2009. The operative complaint alleges that the Cookson defendants, direct competitors of [the plaintiff], breached two separate letter agreements, misappropriated trade secrets, committed computer crimes and violated [the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.], all in connection with the sale of [the plaintiff's] stock. In essence, the Cookson defendants are alleged to have submitted a competitive bid for the purchase of the stock with ill-gotten information when, in fact, they had no intention or ability to consummate any such purchase. As a result, the plaintiff alleges that the purchase price [of the stock] was increased causing the plaintiff to incur substantial debt and otherwise causing financial damage to the plaintiff.[4]

"In February 2012, [the plaintiff] sought to amend its complaint in *MacDermid I*. The proposed amended complaint included allegations of tortious conduct by [the] Cookson [defendants], as well as . . . a former employee of [the plaintiff], Terrence Copeland, who began working for the Cookson defendants, unbeknownst to [the plaintiff].[5] The amendment sought to add claims of fraud and tortious interference with business expectations in connection with the bid/buy out process. After extensive briefing and argument, the court, *Dubay, J.*, denied the motion to amend, though it did not articulate the basis or reason for the decision.[6] The plaintiff filed a motion for reconsideration and reargument, which the court, *Dubay, J.*, denied.

"Thereafter, in August 2012, the plaintiff filed a[nother] motion to amend the [*MacDermid I*] complaint to include many of the same factual allegations [that] it sought to include in the February 2012 amendment, though espousing a different cause of action, an additional [breach of] contract claim, which did not implicate the statute of limitations. Th[e] court permit-

ted the amendment. . . .

"After the court's denial of the motion to reargue and for reconsideration of the February 2012 motion to amend, the plaintiff commenced this action, *MacDermid II*, alleging the same facts and causes of action it sought to include by way of amendment to *MacDermid I*, as well as repeating the breach of contract claims currently pending in *MacDermid I*.[7] *MacDermid II* also includes a claim under Connecticut's Uniform Securities Act, [(CUSA), General Statutes § 36b-2 et seq.]. At this juncture, there is no dispute as to the similarity of the allegations in *MacDermid II* and the amendment sought, though denied, in *MacDermid I*." (Footnotes altered.)

Determining that the allegations in *MacDermid II* and the allegations in *MacDermid I* were virtually alike, the court went on to analyze and, ultimately, to reject, the plaintiff's equitable claims opposing the application of the prior pending action doctrine, including its claim of judicial estoppel. The plaintiff claimed that the defendants should be judicially estopped from seeking dismissal of its complaint in this action under the prior pending action doctrine because their argument in support of dismissal contradicts their prior successful argument in *MacDermid I* opposing the plaintiff's motion to amend its complaint in that action. The court disagreed and granted the defendants' motion to dismiss. This appeal followed. Additional facts will be set forth as necessary.

"[T]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . The policy behind the doctrine is to prevent unnecessary litigation that places a burden on crowded court dockets." (Citations omitted; internal quotation marks omitted.) *Kleinman* v. *Chapnick*, 140 Conn. App. 500, 505, 59 A.3d 373 (2013).

"[T]he trial court must determine in the first instance whether the two actions are: (1) exactly alike, i.e., for the same matter, cause and thing, or seeking the same remedy, and in the same jurisdiction; (2) virtually alike, i.e., brought to adjudicate the same underlying rights of the parties, but perhaps seeking different remedies; or (3) insufficiently similar to warrant the doctrine's application. In order to determine whether the actions are virtually alike, we must examine the pleadings . . . to ascertain whether the actions are brought to adjudi-

cate the same underlying rights of the parties. . . . The trial court's conclusion on the similarities between the cases is subject to our plenary review. . . .

"Following that initial determination, the court must proceed to a second step. If the court has concluded that the cases are exactly alike or insufficiently similar, the court has no discretion; in the former situation, it must dismiss the second action, and in the latter, it must allow both cases to proceed. . . . Where actions are virtually, but not exactly alike, however, the trial court exercises discretion in determining whether the circumstances justify dismissal of the second action." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Id., 505–506.

Here, the trial court concluded that the first two counts of the *MacDermid II* complaint were identical to the first two counts of the *MacDermid I* complaint, and therefore that the dismissal of those counts was mandatory. The court further concluded, and the parties agreed, that the remaining three counts of the *MacDermid II* complaint, alleging fraud, tortious interference with business expectancies and violations of CUSA, and the claims brought and still pending in *MacDermid I* were virtually alike, and thus, in the exercise of its discretion, dismissed those counts as well. In so doing, the court concluded that *MacDermid II* was barred by the prior pending action doctrine and that the claims alleged therein could not be saved by the equitable arguments advanced by the plaintiff. Specifically, the court rejected the plaintiff's judicial estoppel argument, finding that "although the defendants' arguments, at first blush, [seem] inconsistent, the issues argued at the two proceedings, being distinct, preclude a finding that [their position on the motion to dismiss in *MacDermid II* was inconsistent with their position on the earlier request to amend in *MacDermid I*]." The court further determined that "there is no danger of inconsistent results impacting the integrity of the judiciary under the circumstances present here."

As noted, the plaintiff does not challenge on appeal the dismissal of the first two counts of *MacDermid II*, but claims that the court abused its discretion in dismissing the three last counts of *MacDermid II* under the prior pending action doctrine because the defendants should be judicially estopped from pursuing dismissal under that doctrine. The plaintiff contends that the defendants should be judicially estopped from asserting the prior pending action doctrine because their argument in support of dismissal contradicts their prior successful argument in *MacDermid I* opposing the plaintiff's motion for leave to amend its complaint. We agree.

"[J]udicial estoppel prevents a party in a legal proceeding from taking a position contrary to a position the party has taken in an earlier proceeding. . . . [J]udicial

estoppel serves interests different from those served by equitable estoppel, which is designed to ensure fairness in the relationship between parties. . . . The courts invoke judicial estoppel as a means to preserve the sanctity of the oath or to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings. . . . [S]ee . . . *New Hampshire* v. *Maine*, 532 U.S. 742, 749–50, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (judicial estoppel protect[s] the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment . . .).

"Typically, judicial estoppel will apply if: 1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel. . . . We further limit judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain. . . . Thus, courts generally will not apply the doctrine if the first statement or omission was the result of a good faith mistake . . . or an unintentional error." (Citations omitted; internal quotation marks omitted.) *Assn. Resources, Inc.* v. *Wall*, 298 Conn. 145, 169–70, 2 A.3d 873 (2010). "Because the rule is intended to prevent improper use of judicial machinery . . . judicial estoppel is an equitable doctrine invoked by a court at its discretion . . . . Accordingly, our review of the trial court's decision not to invoke the doctrine is for abuse of discretion." (Citations omitted; internal quotation marks omitted.) Id., 171. Thus, our analysis of the application of the doctrine of judicial estoppel requires an examination and comparison of the defendants' argument in opposition to the plaintiff's request to amend its complaint in *MacDermid I* and their argument in favor or dismissing the plaintiff's complaint in this case, *MacDermid II*.[8]

On February 21, 2012, the plaintiff filed a motion for leave to amend its complaint in *MacDermid I*. In seeking to amend its complaint, the plaintiff argued that "[t]he proposed new counts arise from the same occurrence that is the subject of [the plaintiff's] complaint, namely, [the] Cookson [defendants] illegal use of confidential business information [belonging to the plaintiff] in connection with the competitive bidding and due diligence process for the purchase of [the plaintiff's stock]. As a result, amending the complaint to include the proposed counts would promote a complete adjudication of the dispute among the parties." The plaintiff claimed that the proposed new counts and the related factual information would neither prejudice the defendants nor delay the proceedings, and that, in fact, the proposed amendment was the result of information first discovered by the plaintiff in the course of discovery in that case.

In opposition to the plaintiff's motion for leave to amend its complaint, the defendants filed a written objection dated March 7, 2012, in which they argued that "none of the facts pled in [the plaintiff's] first six [versions of its] complaint concerned representations alleged to have been made by the Cookson defendants before or after entering into the letter agreement." The defendants thus argued that the plaintiff's proposed amended complaint would "allege three new causes of action, premised on [eighteen] new paragraphs replete with new factual allegations. . . . These new allegations present entirely different facts . . . ."[9] The defendants concluded that the plaintiff's proposed amendments alleged a "new and different factual situation" that prevented the application of the relation back doctrine.

The court summarily denied the plaintiff's motion for leave to amend its complaint, which was based primarily upon the plaintiff's contention that the claims it proposed to add to the complaint had been fraudulently concealed from it by the defendants. The court denied the plaintiff's motion to reargue, stating that the plaintiff's allegation of fraudulent concealment "in no way changes the court's consideration as to whether [the] proposed amendment states a new cause of action or relates back." Although the court did not issue a memorandum of decision articulating the factual and legal bases for its denial of the plaintiff's request to amend, it is clear from its ruling on the motion to reargue that it had accepted the defendants' arguments that the proposed new allegations stated a new cause of action that did not relate back to the allegations of the original complaint in *MacDermid I*.

In their motion to dismiss the complaint in *MacDermid II*, filed on October 25, 2012, only approximately seven months after opposing the plaintiff's motion for leave to amend in *MacDermid I* on the ground that the plaintiff's proposed amendment in that case raised new causes of action based upon newly alleged facts, the defendants claimed that this case, *MacDermid II*, concerns "the same business transaction," "arises out of the same factual background," and "s[eeks] the identical relief" as the plaintiff's claims in *MacDermid I*. In fact, the defendants claimed in their motion to dismiss that the allegations in the two complaints are "virtually alike because they arise out of the same factual background, and between the same parties and seek the same relief." The defendants also described the allegations of the *MacDermid II* complaint as "redundant" in nature, and contended that "the two cases were brought to adjudicate the same underlying rights." The defendants argued that "[a]lthough [the plaintiff's] complaint in this case interposes different legal theories to characterize how the defendants' actions allegedly resulted in liability, the conduct that [the plaintiff] alleges was wrongful

and the relief that [it] seeks in this case is the same as the conduct that [the plaintiff] alleges was wrongful and the relief that [it] seeks in *MacDermid I*." The defendants claimed that "[i]n this case, [the plaintiff] has merely [repleaded] the same allegations advanced in *MacDermid I* under the guise of some new legal theories."

In sum, the defendants argued in opposition to the plaintiff's motion for leave to amend its complaint in *MacDermid I* that the proposed amendment presented new causes of action based upon new facts, and that, on that basis, the amendment should not be permitted. The defendants persuaded the court to agree and the court thus denied the plaintiff's motion for leave to amend its complaint. The defendants have now changed their position, claiming that those additional allegations arise from the same factual background as the allegations in *MacDermid I* and that they are redundant. This argument is entirely contrary to the earlier position on which the defendants prevailed.[10] This duplicitous conduct by the defendants epitomizes the behavior of a party "deliberately changing positions according to the exigencies of the moment." It is difficult to imagine a case that more strongly cries out for the application of judicial estoppel than this one.[11] We conclude that the defendants should have been judicially estopped from seeking dismissal of the plaintiff's complaint on the basis of the prior pending action doctrine, and thus that the trial court abused its discretion in dismissing the plaintiff's action.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] The court also dismissed the two other counts of the plaintiff's complaint, but the plaintiff has not challenged that ruling. The three counts that are the subject of this appeal represent the remaining counts of the plaintiff's complaint in this action.

[2] We refer in this opinion to the Cookson Group, PLC, and Cookson Electronics, Inc., collectively, as the Cookson defendants.

[3] The plaintiff also claims that the purposes for which the prior pending action doctrine was developed are not implicated in this case, that it is simply seeking to have its claims heard on the merits and thus that the principles of equity dictate that the court should have exercised its discretion and denied the defendants' motion to dismiss. The trial court concluded that the plaintiff's filing of *MacDermid II* was not intended to vex or harass, but, nevertheless applied the prior pending action doctrine and granted the defendants' motion to dismiss on the ground that the filing of *MacDermid II* constituted an attempted "end run around" the trial court's earlier denial of the plaintiff's motion to amend in *MacDermid I*. The court refused to "countenance such maneuvering." Because we conclude that the defendants are judicially estopped from asserting a prior pending action claim, we need not address this additional claim of error.

[4] *MacDermid I* also includes claims against a former consultant with the plaintiff, David North, for breach of contract, violations of the Connecticut Uniform Securities Act (CUSA), General Statutes § 36b-2 et seq., violations of CUTPA, and other claims. North is not named in MacDermid II.

[5] "Copeland was not cited in as a named defendant."

[6] "The defendants had argued that the amendments sounding in tort were barred by the statute of limitations as well as that they were untimely and prejudicial if permitted."

[7] "When *MacDermid II* was filed, th[e trial] court had not yet ruled on

the motion to amend in *MacDermid I,* to add the second breach of contract claim."

[8] The defendants do not claim that their argument in either proceeding was the result of a mistake or unintentional error.

[9] In opposing the request to amend, the defendants also argued that the court lacked subject matter jurisdiction to adjudicate the plaintiff's proposed securities claim and that the plaintiff's new claims were barred by the applicable statute of limitations.

[10] In dismissing the plaintiff's complaint in the present case, the trial court relied on this court's decision in *Sandvig* v. *A. Dubreuil & Sons, Inc.,* 68 Conn. App. 79, 789 A.2d 1012 (2002), appeal dismissed, 270 Conn. 90, 851 A.2d 290 (2004), in which this court held: "We conclude that the relation back doctrine was properly applied in light of the prior pending action doctrine because although the *pleadings* in the two actions were virtually alike, the *facts* necessary to prove the allegations in the amended complaint were new and different from those necessary to the original complaint." (Emphasis in original.) Id., 88. This case is distinguishable from *Sandvig* for two reasons. First, in this case, the defendants have argued that the complaint in this action arises from the "same factual background" as the complaint in *MacDermid I* and that the allegations are redundant. Second, the court in *Sandvig* did not address the doctrine of judicial estoppel, nor could it have, because that doctrine was not first considered as a matter of Connecticut law until 2010. See *Assn. Resources, Inc.* v. *Wall,* supra, 298 Conn. 169.

[11] In rejecting the plaintiff's judicial estoppel argument, the trial court emphasized the fact that the two proceedings at issue in this case, the plaintiff's request to amend its complaint in *MacDermid I* and the defendants' motion to dismiss the complaint in *MacDermid II,* are distinct proceedings that precluded a finding that the first requirement of judicial estoppel was met. To be sure, there are instances in which a party may properly assert different positions while dealing with distinctly different legal proceedings. Our Supreme Court has held, however, as the plaintiff aptly points out, that the "transaction or occurrence" test for determining whether newly pleaded claims relate back to the original claims in the context of a request to amend a complaint and in resolving the issue of whether a case should be dismissed pursuant to the prior pending action doctrine are the same. *Sherman* v. *Ronco,* 294 Conn. 548, 555–56, 985 A.2d 1042 (2010); *Beaudoin* v. *Town Oil Co.,* 207 Conn. 575, 587–88, 542 A.2d 1124 (1988). In other words, allegations cannot consistently be held to be separate and distinct in the context of a request to amend, but identical in the context of a motion to dismiss based upon the prior pending action doctrine.

————————————————