******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GEORGE BONGIORNO ET AL. *v.* J & G
REALTY, LLC, ET AL.
(AC 36953)

Beach, Alvord and Pellegrino, Js.

*Argued October 7, 2015—officially released January 19, 2016*

(Appeal from Superior Court, judicial district of

Stamford-Norwalk, Truglia, J.)

*Peter V. Lathouris*, with whom, on the brief, was *Richard M. Breen*, for the appellant (plaintiff Marie Bongiorno).

*Mark F. Katz*, for the appellees (named defendant et al.).

*Opinion*

PELLEGRINO, J. The plaintiff Marie Bongiorno[1] appeals from the judgment of the trial court rendered when it granted a motion to dismiss filed by the defendants.[2] On appeal, the plaintiff claims that the trial court improperly adjudicated the motion to dismiss for lack of subject matter jurisdiction because (1) the action was stayed for arbitration; (2) no action was needed to protect the parties' rights as required by General Statutes § 52-422; and (3) the motion was barred by judicial estoppel. We disagree and affirm the judgment of the trial court.

The following facts, as found by the trial court, *Truglia, J.*, in its memorandum of decision, and procedural history are relevant to our resolution of this appeal. The plaintiff, George Bongiorno, and their daughter, Bridjay Capone, commenced this action in June, 2012, seeking the judicial dissolution and winding up of certain limited liability companies, corporations, and partnerships in which they claimed interests as members, partners, and/or shareholders. Initially, the plaintiff brought this action against fifteen closely held Bongiorno family business entities and against Frank R. Bongiorno, Maurice A. Nizzardo, and Michele B. Nizzardo, personally, who are members and/or managers of the entities.[3]

The plaintiff sought, inter alia, to dissolve and wind up the limited liability company defendants pursuant to General Statutes §§ 34-207 and 34-208. She also sought to dissolve, wind up, and appoint a receiver for Bongiorno Brothers, a general partnership, in accordance with General Statutes §§ 34-372 (5) and 52-509 (a).

George Bongiorno is no longer a party to this action, having withdrawn all causes of action against all defendants on May 6, 2013. Although no additional withdrawals of action have been filed, all parties agree that the plaintiff is now proceeding only against the following four defendants: (1) J & G Realty, LLC; (2) JGBBNS Realty, LLC; (3) Bongiorno Gas Island, LLC; and (4) Bongiorno Brothers, a general partnership.

In August, 2012, the defendants filed a motion to dismiss the action for lack of subject matter jurisdiction, arguing that neither the plaintiff, George Bongiorno, nor Bridjay Capone had an ownership interest in any of the corporate entities sufficient to confer standing. Shortly thereafter, on August 20, 2012, the parties agreed to stay the action through September 24, 2012, pending a binding arbitration of the matters in dispute. This stipulation was accepted and made an order of the court, *Hon. Taggart D. Adams*, judge trial referee. The parties subsequently agreed to extend the stay until November 27, 2012, and, although there was no order extending the stay beyond that date, the parties contin-

ued their agreement and had arbitration sessions scheduled for June, 2014.

In November, 2013, the defendants filed a second motion to dismiss for lack of subject matter jurisdiction only as to the plaintiff. The defendants claimed that the plaintiff had no ownership interest in any of the four remaining commercial entities and, therefore, lacked standing to bring this action, which must be dismissed for lack of subject matter jurisdiction.

The trial court found the following facts as developed over several days of hearings on the second motion to dismiss. In early 2010, George Bongiorno owned a 50 percent interest in each of the four defendant businesses. In October, 2010, after the plaintiff commenced a dissolution of marriage action against George Bongiorno, he executed four documents purporting to be assignments to the plaintiff of his entire ownership interest in each of the four defendant businesses. These four instruments were executed in the Bongiorno's home. The only people present at the time were the plaintiff, George Bongiorno, and Mary Badoyannis, an attorney who represented the plaintiff in the dissolution of marriage action. One of the four instruments was executed on October 14, 2010, and three were executed on October 21, 2010. These four instruments were never delivered to any representatives of the defendant businesses, but were retained in Attorney Badoyannis' files. The court found credible the testimony of Maurice A. Nizzardo and Frank R. Bongiorno that the first time they learned that the instruments existed was in the spring of 2013, when they were produced as part of the plaintiff's discovery compliance. The trial court found, by a preponderance of the evidence, that the plaintiff was not a member or partner of any of the four defendant businesses in June, 2012, and therefore could not claim to have been statutorily aggrieved in accordance with General Statutes §§ 34-207, 34-208, 34-372, and 34-374 when she commenced this action. The court further found that the plaintiff had not demonstrated a specific, personal, or legal interest in any of the defendant businesses sufficient to enable her to bring a derivative action for dissolution and winding up of the businesses, and that the defendants had shown by a preponderance of the evidence that the plaintiff could not prove a membership or partnership interest in any of the businesses if the case proceeded further. The trial court subsequently granted the defendants' motion to dismiss. This appeal followed.

I

We first address the plaintiff's claim that the court erred when it adjudicated the defendants' motion to dismiss for lack of subject matter jurisdiction while the matter was stayed pending unrestricted arbitration.

Our review of jurisdictional issues is plenary. "We

have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Ferguson Mechanical Co.* v. *Dept. of Public Works*, 282 Conn. 764, 770–71, 924 A.2d 846 (2007).

The plaintiff argues that the parties agreed to an unrestricted arbitration, and therefore all issues, including subject matter jurisdiction, must be submitted to the arbitrator. We are not persuaded. The rules of practice and our case law make clear that a claim that the court lacks jurisdiction over the subject matter cannot be waived; Practice Book § 10-33; and must be addressed when brought to the court's attention. *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 116, 891 A.2d 106 (2006). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." *Raftopol* v. *Ramey*, 299 Conn. 681, 689–90, 12 A.3d 783 (2011).

The court implicitly relied on its purported subject matter jurisdiction when it stayed the case in favor of arbitration. Had the court known at that time that the plaintiff lacked standing, the court would not have had subject matter jurisdiction to enter the stay. Thus, the court was bound to consider and adjudicate the motion to dismiss.

Further, the court properly granted the motion to dismiss. "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. . . . At the same time, it is within the trial court's power to allow or to require the plaintiff to supply . . . further particularized allegations of fact deemed supportive of [the] plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." (Internal quotation marks omitted.) *Andross* v. *West Hartford*, 285 Conn. 309, 340, 939 A.2d 1146 (2008). "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Bysiewicz* v. *DiNardo*, 298 Conn. 748, 758, 6 A.3d 726 (2010). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to

determine the cause." *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 318, 71 A.3d 492 (2013).

Standing to bring an action to dissolve either a limited liability company or a general partnership requires some ownership interest in the entity. See General Statutes §§ 34-207 and 34-372 (5). In order to show an ownership interest, the plaintiff relied on the documents executed in October, 2010, that purported to assign to her George Bongiorno's ownership interest in each of the four defendant businesses. These documents were never delivered to any representatives of the businesses, and the businesses first learned of these documents in the spring of 2013. The operating agreements for two of the four defendant businesses, J & G Realty, LLC, and JGBBNS Realty, LLC, provide that a transfer of interest is only effective once the company has received notice, and that any transfer that does not provide notice will be "null and void." The third defendant business, Bongiorno Gas Island, LLC, did not have an operating agreement in effect, but the plaintiff never provided notice of the assignment to any members, and, even if she had provided notice, she would not have become a member unless and until a majority of the other members consented to the assignment in accordance with General Statutes § 34-172 (a).[4] The fourth defendant business, Bongiorno Brothers, a general partnership, did not have an operating agreement in effect, but the plaintiff never provided notice of the assignment to the other partners in order to give effect to the purported transfer as required by General Statutes § 34-348 (e).[5] Accordingly, in June, 2012, when the plaintiff commenced the underlying action, she did not have an ownership interest in any of the defendant businesses and the court properly granted the motion to dismiss. "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case . . . ." (Internal quotation marks omitted.) *Millward Brown, Inc.* v. *Commissioner of Revenue Services*, 73 Conn. App. 757, 766, 811 A.2d 717 (2002).

## II

The plaintiff next claims that, even if the court had the authority to adjudicate the motion to dismiss, it erred in doing so because its adjudication was not necessary to protect the parties' rights as required by § 52-422. We do not agree.

Section 52-422 concerns pendente lite orders and provides in relevant part: "At any time before any award is rendered pursuant to an arbitration under this chapter, the superior court for the judicial district in which one of the parties resides . . . upon application of any party to the arbitration, may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award . . . ."

The present action, a motion to dismiss predicated upon the absence of standing, is not a proceeding that must comply with § 52-422 because a motion to dismiss is not a pendente lite proceeding. "[P]endente lite orders, by their very definition, are orders that continue to be in force during the pendency of a suit, action, or litigation." (Internal quotation marks omitted.) *Milbauer* v. *Milbauer*, 54 Conn. App. 304, 309, 733 A.2d 907 (1999). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Merrill* v. *NRT New England, Inc.*, 126 Conn. App. 314, 318, 12 A.3d 575, appeal dismissed, 307 Conn. 638, 59 A.3d 171 (2011) (certification improvidently granted). Thus, the trial court did not need to consider § 52-422 when it adjudicated the motion to dismiss.

III

The plaintiff's final claim is that the defendants were estopped from pursuing their motion to dismiss under the doctrine of judicial estoppel. Specifically, she argues that the defendants have made inconsistent representations to the trial court regarding the trial court's jurisdiction to entertain motions. We do not agree.

It is unclear from the memorandum of decision whether the trial court failed to consider this argument or rejected it without comment. Nonetheless, the claim fails on the merits. "Typically, judicial estoppel will apply if: 1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel. . . . We further limit judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain." (Internal quotation marks omitted.) *MacDermid, Inc.* v. *Cookson Group, PLC*, 149 Conn. App. 571, 578, 89 A.3d 447, cert. denied, 312 Conn. 914, 93 A.3d 597 (2014).

The plaintiff states that, after the parties agreed to arbitration, the defendants argued in their "Objection to [Plaintiff's] Motion to Disqualify Defendants' Counsel" that the plaintiff had abandoned the motion to disqualify because the plaintiff stipulated to arbitration while the motion was pending in the trial court. The plaintiff argues that it is inconsistent for the defendants to argue now that they have not abandoned their right to have a motion to dismiss adjudicated by the trial court, and the plaintiff contends that the defendants should be estopped from making this claim.

We do not agree that the defendants' former position—that a motion is abandoned if the party submits to arbitration while the motion is pending—is clearly

inconsistent with the defendants' current position—that the court had the authority to adjudicate the motion to dismiss for lack of subject matter jurisdiction. The motion to disqualify counsel is an issue that was properly referred to arbitration, according to the stipulated "Order Staying Actions and Referral to Alternative Dispute Resolution."[6] The motion to dismiss for lack of subject matter jurisdiction, however, is of an entirely different nature, and the defendants cannot be estopped from pursing it in the court because of their former position on a different motion. "[T]he power to determine its jurisdiction is one of the core inherent powers of a court." *Golden Hill Paugussett Tribe of Indians* v. *Southbury*, 231 Conn. 563, 570, 651 A.2d 1246 (1995).

Further, the defendants' former position—that the plaintiff abandoned her motion to disqualify counsel when she agreed to arbitration—was never adopted by the trial court in an earlier proceeding. Instead, the parties agreed that the issue of attorney disqualification should be decided by the arbitrator. Accordingly, the court, *Hon. A. William Mottolese*, judge trial referee, issued an order that the matter be referred to arbitration. Accordingly, judicial estoppel does not apply.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] George Bongiorno is no longer a party to this action, having withdrawn all causes of action against all defendants on May 6, 2013. The plaintiff Bridjay Capone was not named in the motion to dismiss that is the subject of this appeal and, consequently, she is not a party to this appeal. For clarity, in this opinion new refer to Marie Bongiorno as the plaintiff and to George Bongiorno and Bridjay Capone by name where appropriate.

[2] This action was originally filed against fifteen businesses and three individuals. Although no withdrawls of action have been filed by the plaintiff, the parties agreed that the plaintiff is only proceeding against four business defendants: (1) J & G Realty, LLC; (2) JGBBNS Realty, LLC; (3) Bongiorno Gas Island, LLC; and (4) Bongiorno Brothers, a general partnership. For clarity, we refer to these parties collectively as the defendants.

[3] Frank R. Bongiorno and Michele B. Nizzardo are the son and daughter of George Bongiorno and the plaintiff. Maurice A. Nizzardo is married to Michele B. Nizzardo.

[4] General Statutes § 34-172 (a) provides: "Subject to subsections (b) and (c) of section 34-119, an assignee of an interest in a limited liability company may become a member if and to the extent that (1) the assignor gives the assignee that right in accordance with authority described in the operating agreement, (2) unless otherwise provided in writing in an operating agreement, at least a majority in interest of the members, other than the assignor, consent, or (3) if the limited liability company has only one member, the assignor gives the assignee the right to become a member."

[5] General Statutes § 34-348 (e), which governs the transfer of a partner's transferable interest in a partnership, provides in relevant part: "A partnership need not give effect to a transferee's rights under this section until it has notice of the transfer." The General Statutes govern relations among the partners and between the partners and the partnership when the partnership agreement does not otherwise provide. General Statutes § 34-303 (a).

[6] The Order Staying Actions and Referral to Alternative Dispute Resolution dated August 20, 2012, provides in relevant part: "If all issues and disputes between and among the parties are not resolved through mediation prior to September 24, 2012, any remaining issues and disputes shall be submitted by the parties to binding arbitration  . . . ."